## CONTINENTAL AUTOMOBILE CO. v. A. G. SPALDING & BROS.

(Circuit Court, S. D. New York. March 12, 1910.)

**1. PATENTS (§ 165*)—CONSTRUCTION—CLAIMS FOR FUNCTION.**

If the claims of a patent are for means sufficiently specified and described in the claims and specifications, they are not invalidated as being for a function by a recital therein of the function to be performed or the result to be secured by such means.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. § 165.*]

**2. PATENTS (§ 165*)—CONSTRUCTION.**

Claims of a patent cannot be broadened by construction or elements imported into them for the purpose of giving them novelty or establishing infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. § 165.*]

**3. PATENTS (§ 328*)—INFRINGEMENT—CLUTCH MECHANISM FOR AUTOMOBILES.**

The Mabley and Franquist patent, No. 883,552, for a combination with other parts of the driving gear of an automobile of a clutch mechanism mounted on a shaft which is removable without disturbing the alinement of the other parts, such removability being the principal object of the in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vention, in view of the prior art and the proceedings in the Patent Office, must be construed narrowly as an improvement patent only, and confined to the means specified and described. As so construed, *held* not infringed.

In Equity. Suit by the Continental Automobile Company against A. G. Spalding & Bros. On final hearing. Decree for defendant.

Edwards, Sager & Wooster (Clifton V. Edwards and Julian S. Wooster, of counsel), for complainant.

Redding, Greeley & Austin (William A. Redding and Albert M. Austin, of counsel), for defendant.

RAY, District Judge. Claims 1, 2, 4, 5, 6, 7, 8, 11, 12, and 13 of the patent in suit are in issue, and read as follows:

"1. In an automobile, the combination of a driving gear and a shaft comprised in part by a clutch member, a sleeve supporting said clutch member, a hollow shaft on which said sleeve is adapted to slide longitudinally, a spring device contained within the said hollow shaft for moving the clutch member in one direction, the said hollow shaft being connected at each end to other sections of shafting and in alinement therewith, the said hollow shaft and its supported parts being removably secured by such connections in such manner that the said hollow shaft and its supported parts may be uncoupled and removed from the machine without disturbing the alinement of the remaining portions of the shaft.

"2. In an automobile, the combination of two sections of alined shafting with the following instrumentalities intervening between the same, namely, a clutch member, a sleeve upon which said clutch member is carried, a hollow shaft surrounded by said sleeve, a spring device contained within the hollow shaft, means connecting the said sleeve with said spring device whereby the sleeve is forced longitudinally in one direction, said instrumentalities as an organism being removably connected to the said sections of the alined shafting and alined therewith and the said removable connections permitting the said clutch mechanism to be removed from the machine without disturbing the relation or alinement of the sections of shafting. * * *

"4. The combination with two separated shafts, of an intermediate shaft coupled to one of said shafts and having movable devices for clutching the other shaft, said latter shaft having co-operated clutching devices separably secured thereto, whereby to permit removal of said clutch mechanism from between said shafts without disturbing their position, substantially as described.

"5. The combination of two separated shafts, of an intermediate shaft coupled to one of said shafts and having movable devices for clutching the other shaft, said latter shaft having a flywheel carrying co-operating clutching devices separably secured thereto, whereby to permit removal of said clutch mechanism from between said shafts without disturbing their position, substantially as described.

"6. The combination with two separated shafts, of an intermediate shaft separably coupled to one of said shafts and having a movable clutch ring for clutching the other shaft, a detachable clutch ring surrounding and co-operating with said movable clutch ring, said rings being one within the other in operative position, whereby, upon detaching the clutch ring from one shaft, and the intermediate shaft from the other, the clutch mechanism can be removed without disturbing said shafts, substantially as described.

"7. The combination with a driving and a driven shaft, of an intermediate shaft separably coupled to the driven shaft and having a bearing in the driving shaft separable therefrom, and clutch devices carried by said intermediate shaft for clutching said driving shaft, said clutch devices being mounted so as to permit removal without disturbing the driving and driven shafts, substantially as described.

"8. The combination with a driving shaft and a driven shaft, of an intermediate shaft separably coupled to one of said shafts and having a bearing in the end of the other, said driving shaft carrying a clutch member, a movable clutch

member on said intermediate shaft adapted to engage therewith, one of said clutch members and said bearing being detachable from the shaft to permit removal of said intermediate shaft and the clutch independently of said driving and driven shafts, substantially as described.  *  *  *

"11. The combination with a flywheel carrying a separable clutch member, of an intermediate shaft carrying a movable co-operating clutch member, a shaft to which said intermediate member is coupled, said clutch member moving towards the flywheel to release the driving connection, and a spring carried within the intermediate shaft for engaging said clutch members, substantially as described.

. "12. The combination with a shaft carrying a clutch member, of an intermediate shaft carrying a movable clutch member mounted on a sleeve, a driving connection permitting longitudinal movement between said sleeve and said shaft, a shaft coupled to said intermediate shaft, and means whereby the intermediate shaft with the clutch members, can be removed from between said shafts without involving disarrangement thereof, substantially as described.

"13. In a flywheel clutch mechanism, a detachable clutch member secured to the flywheel outside the plane thereof, and a co-operating movable clutch member on a second detachable shaft carried within said clutch member and the flywheel, substantially as described."

The main object of the invention was to provide a clutch device especially for automobiles, which could readily be removed.    The specifications say:

"This invention relates to clutch mechanism, more particularly to clutches used for the transmission of power from an engine, and embodies a construction by which the clutch parts can be removed without necessitating disarrangement of other parts of the mechanism.

"The invention is more especially designed for use on automobiles or self-propelled vehicles of any character.  At the present time it is extremely difficult to renew the parts of the clutch for the reason that the necessities of construction of automobiles are such that the space in which the parts are contained is very limited, and in order to get at the clutch, numerous parts must be removed, causing trouble when the machine is put together again, owing to the difficulty of alining the various parts.  In addition, it is quite inconvenient to take the machine apart whenever an accident happens to the clutch.  Clutches made in accordance with this invention can readily be removed and put in place without the necessity of taking out the main shaft of the machine."

The defenses urged are (1) that the claims in issue are invalid for want of patentable invention in view of the prior art; (2) that such claims specify a result or function not patentable and are therefore invalid; and (3) noninfringement.

The elements of claim 1 are: In an automobile the combination of (A) a driving gear and a shaft comprised in part by (1) a clutch member, (2) a sleeve supporting said clutch member, (3) a hollow shaft on which said sleeve is adapted to slide longitudinally, (4) a spring device contained within the said hollow shaft for moving the clutch member in one direction, (a) the said hollow shaft being connected at each end to other sections of shafting and in alinement therewith, (b) the said hollow shaft and its supported parts being removably secured by such connections in such manner that the said hollow shaft and its supported parts may be uncoupled and removed from the machine without disturbing the alinement of the remaining portions of the shaft.    I take it from this that the spring device is within the hollow shaft, which hollow shaft is connected at each end, in some way not mentioned in the claim, it may be by couplings and bolts, to other sections

of shafting, not further described in the claim, and in alinement therewith, but so connected and secured to such connections that the hollow shaft and its supported parts may be uncoupled and removed from the machine without disturbing the alinement of the remaining portions of the shaft. This connection and the mode and manner of making it and the means employed are not specifically mentioned or described in the claim. We are told that a sleeve supports the clutch member, and that this forms a part of the shaft or shaft and driving gear, and that the sleeve slides on the hollow shaft longitudinally. If the object or purpose is to claim a device or mechanism which is connected to other devices or mechanism, and in alinement therewith, in such a manner as to be removed by uncoupling same without disturbing the alinement of the other parts, we are left, so far as the claims speak, to our own choice and selection of coupling devices and connections. We are told what is to be done, but are not told in the claim what to use or how to use it. However, by reference to the drawings and specifications, we are fully informed on this subject. We have ordinary couplings, bolts, and nuts for the purpose fully described. We have a flywheel mounted on shaft, a. We have a driven shaft, p, which defendant mentions as a transmission shaft. We have an intermediate shaft, h, resting at one end in a bearing, i, bolted to the flywheel and coupled to the driven shaft, p, at the other end by couplings and bolts. The friction ring is bolted to the flywheel, but is so connected to the movable member, d, of the clutch that, when such ring is unbolted, it will come out with the intermediate shaft, as will everything supported and carried by such shaft. This means that in a few minutes, by removing a few bolts, we may take the clutch from an automobile without disturbing the alinement of the other parts, and, after repair, replace it, provided the shaft, h, resting in the bearing, i, bolted to the flywheel, is first removed, and further provided the construction is such that the intermediate shaft carrying the clutch slips out without moving back the shaft, p, or the shaft, a, so as to disturb the alinement of the other shafts or their relation to the other parts. As much was said on the argument, and as much is said in defendant's brief on this subject, it is well to call attention to the claims in this regard. Claim 1 says, "without disturbing the alinement of the remaining portions of the shaft." Claim 2 says "without disturbing the relation or alinement of the sections of shafting." Claims 4 and 5 say, "to permit removal of said clutch mechanism from between said shafts without disturbing their position." Claims 6 and 7 are substantially the same. Claim 8 says, "to permit removal of said intermediate shaft and the clutch independently of said driving and driven shafts." Claim 12 says, "and means whereby the intermediate shaft with the clutch member can be removed from between said shafts without involving disarrangement thereof."

Assuming that this construction is new, it remains to determine whether it presents patentable invention in view of the prior art. I do not think the claims are for functions. If the claims are for means specified and pointed out, and made complete and specific, as to such means, by reference to the specifications which are to be read with the claims, they are not invalidated by a recital therein of the function to

be performed by the combination, or by one or more of its elements, or by a recital therein of the result accomplished by the construction pointed out. I am not able to agree with the contention of the defendant that "the supposed novel feature of the structure shown and described in this patent is the removability of the clutch without disturbing other parts of the driving and driven mechanism and the replacing of the clutch without disturbing other parts of the mechanism." This undoubtedly was the main object or purpose sought to be accomplished by the construction mentioned, but the invention was in the new construction and arrangement of parts in a combination which would enable this removal and replacement to be accomplished. If done, it saved time and great expense. Is it a new or novel arrangement of old elements, somewhat changed, so as to form a new and useful combination? It is apparent on the face of the patent that all the claims are not limited to use in an automobile. Two of the claims in issue are so limited. The defendant claims that:

"It was old in the art long prior to the date of this supposed invention to construct a clutch mechanism which was removable without disturbing any other part of the driving or driven mechanism, and which might be replaced without disturbing the alinement of the parts."

If this be true and Mabley and Franquist have not made a patentable improvement on that mechanism as it stood, or made such changes and improvements as to adapt the old mechanism to use in a new place to meet a new and novel exigency for which it was not before adapted by the display of more than the ordinary skill of the mechanic skilled in the art. then there is not invention. This involves a more detailed examination of the claims, and a careful scrutiny of the prior art.

## Patent Office Proceedings.

In the Patent Office there was substantially a rewriting of all the claims involved here as well as of the specifications. The original claims were six in number, and February 10, 1904, claims 1, 2, and 3 were rejected on Riker, No. 725,629, and German patent to Dimmler, No. 107,109, and claims 4 and 5, on Dimmler alone. Attention was also called to Kruse, No. 434,150. Claim 5 was substantially rejected also. Claims 1, 2, and 3 were broadly for the combination in a self-propelled vehicle—claims 2 and 3 mentioning an automobile—of (1) an engine, and (2) a clutch shaft driven thereby, the said clutch shaft being formed in part by removable portions carrying the clutch elements, which clutch elements and removable portion of the shafting might be removed without disturbing the alinement or adjustment of the rest of the clutch shaft. Claims 4, 5, and 6 brought in the sleeve and the hollow shaft and spring.

March 15, 1904, numerous amendments and substitutions were made. Claim 1 was amended, claim 2 was canceled, claim 3 was made claim 2 and amended, claim 4 was canceled, and two new claims, 3 and 4, substituted or added in place of original 3 and 4, claim 5 was amended, and claim 6 canceled. May 6, 1904, claims 1 and 2 were rejected on same references, and claims 3 and 4 were objected to as not accurately descriptive. As to claims 1 and 2, the examiner said:

· "The references contain the same elements as recited in these claims, the claims differing therefrom only in the statement that the sections of the applicant's shafting are so connected as to be removable without disturbing the alinement of the clutch shaft. This statement is too functional and indefinite to warrant the allowance of these claims over the references cited. The applicant should set forth in the claims the nature and arrangement of the connections by which the function is accomplished."

· May 6, 1905, claims 1 and 2 were canceled by the applicants, and claim 3 was made claim 1 after substantial amendment, claim 4 was amended and made claim 2, and 5 was made No. 3. August 28, 1905, these claims were objected to, whereupon, June 8, 1906, the applicants canceled 1 and 2 and inserted new claims in place thereof. July 18, 1906, the Patent Office suggested amendments to claims 1 and 2, and July 20th they were amended. August 24, 1906, the case having been transferred to division 17, other amendments were suggested, and September 25, 1906, numerous amendments were made. October 29, 1906, the examiner proposed other amendments, and said that, when made, "the case will probably be allowed." January 26, 1907, the applicants changed their attorneys, and thereupon new specifications and a new set of claims, 16 in number, were substituted. Claims 1, 2, and 3 were, however, with amendments, the same as 1 and 2 and 3 before this substitution was made.

In making the substitution and asking the allowance of the claims as then presented, the applicants said:

"The advantages of a removable clutch for automobiles are sufficiently apparent from the specification of this application, and it must be apparent that the improvement does not rely so much in a clutch mechanism per se, as in the mounting of the clutch mechanism which will permit the objects of the invention to be attained. Viewed in this light, none of the references cited disclose the same inventive idea, and in none of them are the same results attained. Considering now the patent of Riker, 725,629, it is not seen how his clutch mechanism can be removed without dismantling the entire machine, and there is nothing in the specification of this patent which indicates that Riker was attempting to secure a removable clutch mechanism. A further point of distinction resides in the construction itself, which is not at all like applicants' and it could not be made to secure applicants' results without an entire reorganization. It is thought that the examiner has not heretofore given sufficient weight to the applicants' detachable clutch member carried by the flywheel in combination with the separable coupling between the intermediate shaft and the driving shaft, this arrangement permitting withdrawal of the clutch laterally from between the two shafts. This arrangement is broadly new, so far as any of the references show. The patent of Kruse, No. 434,150, does not aid in the solution of this problem because it is a clutch for an overhead shaft in a mill, and there is no reason for making such a clutch detachable, and, even if there were such reason, the result could not be effected by the Kruse construction. The German patent of Dimmler, No. 107,109, is equally foreign to the invention of these applicants, and it is not intended that this clutch be removable independently of the shafts, A and B, and in mechanical construction there is no resemblance to applicants' invention."

Certain objections were made, but claim 6 was amended, as was claim 14, and claim 13 was canceled. An interference followed, and thereafter the claims as amended and renumbered were allowed. It seems clear to me that the invention resides in so mounting the clutch mechanism upon the intermediate removable shaft that it is carried by such shaft and removed with it, and also in so connecting, by suitable

bolts and bolts and couplings, such removable section of shaft to the other parts that the entire machine is operative when together for use, but allows the removal of the intermediate shaft and the mechanism carried by it by disconnecting it and without disturbing the alinement and relation of the other parts of the entire operative mechanism when in position for work.   In order that this removal might be made, it was thought desirable to modify and change the construction of the prior art, including the connections.   This done the easy removal of the parts desired followed.

### Changes from Prior Art.

If no such changes and modifications in the prior art were required, or if required and those made were of such a character as to be within the province of the ordinary mechanic skilled in the art, he having the prior art before him, there is no invention.   The defendant says that but a small and an immaterial part of the prior art was cited when this patent was in the Patent Office.   This will be considered as we progress.

In this art the clutch is, or should be, always arranged between the engine and the transmission gear.   The clutch shown and described in this patent is of the type known as the "cone clutch," and of the reverse acting variety.   In the cone clutch one member is known as the "male" clutch member and the other as the "female" clutch member. The female clutch member is always directly connected with the engine by being mounted on either the engine shaft or on the engine flywheel. The male member is always mounted on the driven shaft, and must have an independent movement of some kind so as to permit it to be engaged with and disengaged from the female member alternately. Usually a spring is employed which normally holds the male and female members in engagement.   They are disengaged usually by a lever or some similar mechanism.   The result is that with the engine constantly in motion, and the flywheel and attached female member in constant motion, the male member may be engaged and disengaged at will by the lever (if one is used), and power from the engine transmitted to or cut off from the driving gear of the machine.   It follows that, with the engine in constant operation and the flywheel and female member in constant revolution carried by the engine shaft, the machine may be at a "standstill," and then set in motion by moving the male member into connection with the female member by a simple turn of the lever.

In figure 1 of the patent in suit the flywheel, a, is carried by the engine shaft, a', and the female member, called a friction ring, b, is bolted to the flywheel by bolts, c.   A bearing, i, is bolted to the flywheel by bolts, j, and its function is to carry one end of the intermediate shaft, h.   It is, of course, in alinement with engine shaft, a', and in effect is a prolongation thereof.   The removable shaft, h, revolves in these bearings.   These bearings may be removed by unbolting, j. In the construction described in the patent, this end of the driven shaft, h, is free when such bearings are unbolted.   By unbolting the bearings, i, and the friction ring, or female member, b, the intermediate shaft and

all that is carried by it, including the female member, b, are entirely disengaged from the flywheel and the engine shaft, according to the claims and specifications of the patent in suit. The other end of this intermediate shaft, h, is connected to the said transmission shaft, p, by means of bolts passing through couplings, r, on both shafts. Nothing is said in the claims or specifications as to the construction of these adjoining ends of shaft, h, and shaft, p. If they are not interlocked in any way, it is evident that by unbolting the bearings, i, the friction ring, b, and the couplings, r, and removing such couplings, the intermediate shaft and the entire clutch mechanism would be easily removed without disturbing the other parts or their relation or alinement. If, on the other hand, the intermediate shaft, h, is joined to the shaft, p, which defendant calls "transmission shaft" in the manner indicated in figure 1, then the intermediate shaft, h, and the clutch mechanism carried thereby, cannot be removed until shaft, p, is moved to the right, so as to disengage it from shaft, h. This would disturb it, but would not necessarily affect the relation of the parts or the alinement.

In giving the movements or operations for removing the clutch, the defendant, after mentioning the unbolting and removal of the couplings and the disconnecting of the operating lever, u, adds that "either the engine shaft, a', or the transmission shaft, p, must be shifted lengthwise." On this subject Mr. Freeman, expert for defendant, says:

"I observe in one of the above quotations from the specification and in many of the claims in suit it is stated that the clutch mechanism may be removed 'without disturbing' the parts to which the clutch is detachably connected. This is not true of the construction shown in the patent. The clutch mechanism in this construction cannot be removed without disturbing one of the shafts, to the extent, at least, of moving it endwise or away from the other shaft so as to increase the space between the two shafts."

In this connection we may again call attention to the claim and statement of the patentees or inventors when they were urging the allowance of the claims as against the prior art, viz.:

"The advantages of a removable clutch for automobiles are sufficiently apparent from the specification of this application, and it must be apparent that the improvement does not rely so much in a clutch member per se, as in the mounting of the clutch mechanism which will permit the objects of the invention to be attained. Viewed in this light, none of the references cited disclose the same inventive idea, and in none of them are the same results attained."

The prior art plainly shows complete clutch mechanism carried by the driven shaft not having an intermediate part or shaft which is removable with such driven shaft. It also shows such clutch mechanism where all of it except the female member is carried by the driven shaft and is removable with it. We also have in the prior art clutch mechanism mounted on an intermediate shaft carrying all but the female member, which is carried by the driving or engine shaft, but is detachable therefrom, and may be easily removed after the clutch mechanism and intermediate shaft are removed. This, however, shows a clutch mechanism of the direct, not reverse, acting cone clutch type. In the direct acting cone clutch the male member moves towards the flywheel, which carries the female member, and engages the tapering or cone

shaped face of the male member with the tapering or cone shaped face of the female member. In this type, if we would remove the driven shaft and the male member carried thereby, there is no obstacle to such removal because of the slope of the engaging faces of the two members. If the female member is not an integral part of the flywheel (sometimes we have that construction), and is in such case detachable, of course, it may be removed after the driven shaft and male member are removed. In the reverse acting cone clutch type, the male member is within the female member, so to speak, and moves away from the flywheel to engage the sloping faces of the female member, and the result is that the driven shaft carrying the male member and such male member of the clutch cannot be removed until the female member is released from the flywheel, so that both members can come away together. As the patent in suit shows and describes the reverse acting cone clutch only, we have the necessity for liberating the female member from the flywheel before the male member of the clutch can be removed with the driven shaft to which it is connected and by which it is carried.

It is evident that, by making the female member detachable in the reverse acting type of cone clutch, the entire clutch mechanism would be removed with the driven shaft; and that by making such female member detachable in the direct acting type of cone clutch it would be easily removable after the driven shaft and male member are removed. All this would be easily accomplished without disturbing the alinement of the engine or driving shaft or the flywheel carried thereby. All this was done in the prior art, and was fully and plainly shown and described in the prior art, as applicable to both types of cone clutch. It only remained, if that did remain, to provide a detachable section of the driven shaft carrying the clutch mechanism (aside from the female member), or an intermediate shaft carrying such mechanism, which could be removed without disturbing the alinement of the other part of the driven shaft, or transmission shaft, p. On this subject the defendant contends, first, that the prior art plainly shows such detachable intermediate shaft, and that it was old in the art; and, second, that it involved no invention to make that part of the driven shaft carrying the clutch mechanism detachable. The defendant says it was old in the art to provide a continuous shaft in two sections, the one in perfect alinement with the other, connecting the sections by means of bolts and couplings such as are shown and described in the patent in suit; also, that we have no new or improved coupling; also, that it was old to provide bearings on a driving shaft by means of which a driven shaft might be connected thereto and actuated thereby, the motion of the one communicated to the other, or by means of which the one shaft might be kept in alinement with the other without the motion of the driving shaft being communicated to the driven shaft through such bearings. In fact, the defendant claims that in the patent in suit we have no new combination, no new construction, no new mode of operation, no new result; that the only changes from the prior art are in mere matters of detail and mechanical construction within the skill of the ordinary mechanic, and showing no patentable invention.

## Prior Art.

The idea or conception of a detachable and removable clutch mechanism from a self-impelled vehicle or any other place for that matter, without disturbing the other parts, was clearly old in the art when the application for the patent in suit was filed. It is equally clear that the idea or conception of a driven shaft divided into two sections, one carrying the clutch mechanism so as to be easily removable, had been made effective and means provided for carrying the conception into effect. In view of the prior art and the action of the Patent Office, the claims of the patent in suit, if valid, must be construed narrowly and confined to the means specified and described. Improved means for doing a specified thing or accomplishing a new result or an old result in a better way may be patentable. The claims of this patent are divisible into two classes, or groups. Claims 4, 5, 6, 7, 8, 12, and 13 belong to the one, and claims 1, 2, and 11 to the other, and these are more limited in their scope. The claims will be further referred to after more specifically referring to the prior art. On page 254 of La France Automobile, dated April 19, 1902, "Clutch of Chenard and Walcker," figure 278 (page 275 of D. R.), shows a clutch with the female member loosely and detachably mounted on the flywheel by means of lugs, an intermediate and removable shaft carrying the remainder of the clutch mechanism, the male member of which is mounted on a sleeve which slides on the said intermediate shaft, and a spring coiled about the intermediate shaft which holds the male and female members of the clutch in engagement, but which is compressed when the male member is moved out of engagement with the female member. Means for moving the clutch members into and out of engagement are shown. It is also shown that the end of the said intermediate shaft which is connected with the remainder of the driven shaft—that is, the transmission shaft—is connected thereto by couplings and bolts. True, the bolts are not shown, but the complainant's contention that these couplings cannot be removed is not tenable. If not removable, why there at all? Again, the Chenard and Walcker carriages and clutches are described in volume 7, p. 232, of La France Automobile of 1902, and we have the detachable and detached clutch mechanism and intermediate shaft shown in figure 254 (page 269 of D. R.), and of it the article says:

"We shall see, however, in Fig. 254 that the cleats of the flywheel serve only for driving. The end of the axis of the motor is a pivot which serves to center the axis of the clutch. Two coupling nuts ($b^1$, $b^1$,) play the same rôle between the coupling and the speed change."

Turning to figure 254 and comparing it with figure 278, we see at once that the whole clutch mechanism with the intermediate shaft is removable, and was so constructed that it might be removed. It would hardly be expected that a writer in a scientific journal, after showing an old and well-known coupling, would deem it necessary to describe the mode and manner of unbolting and detaching it. In the Automobile Journal of August 8, 1903, showing the Mercedes models, the clutch and clutch mechanism and connections are shown, and it is said:

"The driven portion (the drum) of the clutch is connected with the first motion shaft of the change-speed gear through the short shaft, K, which has

flanged couplings at each end. This short length of shafting is inserted in order that the clutch can be removed without disturbing the gear box."

In the Horseless Age of March, 1902, we have an article describing the Clement car (see Defts. R., p. 266), and an illustration and description of a clutch mechanism (direct acting cone clutch), which, aside from the female member, is mounted on and carried by an intermediate and removable driven shaft, which shaft is connected to the so-called transmission shaft (it being a part of the driven shaft) by couplings and bolts holding them. The article referred to expressly states that the purpose of this coupling is to permit the easy removal of the intermediate shaft, "clutch shaft," carrying the clutch mechanism for removal and repair of the clutch mechanism. In the construction there described, the driving or engine shaft carries flanges to which is bolted the female member thus forming the flywheel, and it may be said the flywheel forms or is used as the female member. We may call it a friction ring, if we please, but it is removable without disturbing the alinement of any of the parts after the removal of the clutch mechanism. Aside from this described female member, the clutch mechanism is carried by the intermediate driven shaft (called in the article "clutch shaft"), and is removable with it. It is disengaged entirely from the driving shaft by moving it to the right, and this is accomplished by removing, after uncoupling, a steel block inserted between the transmission shaft and the intermediate shaft. This movement is necessary for the reason that the driving shaft terminates in a guide stud with a sleeve which enters a counterbore in the end of the intermediate driven shaft, or "clutch shaft." The male member or "friction clutch cone" is mounted on this intermediate driven shaft on which it slides freely, being united with a sleeve, and is engaged normally with the female member by a spring on the shaft and disengaged by compressing the spring. Mere inspection of this drawing (figure 6 in the article referred to, page 367) shows that the entire clutch mechanism is easily removable without in any way moving or disturbing the alinement of the shafts or any of the connected parts. That part of the flywheel forming the female member is shown to be removable as easily and as surely as is the friction ring or female member of the patent in suit and by the same means, the removal of bolts. This the prior art showed, and it is not material what the actual construction was.

In this clutch we have connected with the clutch mechanism a forked lever, fully described, for controlling it, and by means thereof the two members may be disengaged before removal of the intermediate shaft, if, indeed, such disengagement is necessary. In this construction the spring is carried on the intermediate shaft, not in it, but I do not see that there is any substantial difference in the mode of operation, function, or result. Its function is to engage and disengage the two clutch members. The connection of the driving or engine shaft with the end of the intermediate shaft is different in this construction from that of the patent in suit, but the same result is attained in the one case as in the other. The main purpose of connecting the two shafts at all at their respective contiguous ends is to

keep them in alinement. Motion is communicated from the engine to the driven shaft through the driven shaft and the clutch members.

In the Automobile Journal of October 25, 1902, p. 674, we find a description of "The Milnes Voiturette" as follows:

"The flywheel, C, forms the shell for the main clutch in the usual way. The male portion of the clutch is secured to a sleeve, B, which is mounted about the forward end of the first-motion shaft. The first-motion shaft itself does not move longitudinally, and its extreme forward end forms a steadying spigot. This shaft is made in two pieces, the one portion carrying the sliding wheels inside the gear case, G, and the other carrying the clutch sleeve. These two parts are connected together by a flange coupling. The coupling has a distance piece between the two flanges, so that the main clutch can be taken out without disturbing the gear box. The clutch sleeve, B, is provided with a ball thrust, against which the lever operating it presses. The lever lies horizontally, is pivoted at its left-hand extremity, and is connected with a spring and with the foot pedal, P, at its other end. The fulcrum piece and the spring are separately adjustable, and the entire clutch mechanism is readily accessible."

I do not think patentable invention was involved or disclosed in substituting the reverse acting cone clutch for the direct acting cone clutch of the prior art. Any skilled mechanic could have done it. But there were other changes in the details of the construction of the clutch mechanism of the patent in suit. We have a hollow intermediate shaft, and the spring is carried therein. We have a sliding sleeve against which the spring bears. We have a pin in the sliding sleeve which passes through slot, o, in the hollow shaft into sleeve, f, which is mounted on the hollow shaft. The expansion of the spring, on or against the pin, m, moves the sleeve, f, and the said hollow intermediate shaft, h, in opposite directions. Assume that there are new and novel features in such a mechanism which are patentable and covered by the patent in suit, does the defendant use them?

Claim 1 calls for a hollow shaft and a spring device contained therein and means, the pin, connecting the spring device and a sleeve supporting the clutch member. Claims 4 and 5 call for "movable devices for clutching the other shaft (driving shaft), such other shaft having co-operating clutching devices separably secured thereto" whereby, etc. Claim 5 mentions a flywheel, but claim 4 does not. These claims are so broad in terms that they actually cover the prior art, and, so construed, are obviously void. Claim 11 calls for a spring carried within the intermediate shaft. As already stated, I am of the opinion that no claim in issue of the patent in suit can be construed broadly enough, in view of the prior art and action of the Patent Office, to cover other than the construction shown and described, and that they do not cover broadly a removable clutch mechanism carried by an intermediate driven shaft whether the clutch be a direct acting cone clutch, a reverse acting cone clutch, or a multiple disk clutch; one member of the clutch being carried by the driving shaft and separable therefrom so as to be removable, etc. So broadly construed, in view of the prior art and limitations, they would be void. I do not so construe them.

### Defendant's Clutch.

The defendant has an engine or driving shaft and a driven shaft in two parts, one part called "transmission shaft," and the other part

"intermediate shaft," which latter carries one member of the clutch proper. The intermediate and transmission shafts are joined and kept in alinement by a square coupling. The defendant uses neither the direct nor the reverse acting cone clutch, but a multiple disk clutch well known as the "Weston" clutch in use for some 60 or 70 years, improved, of course, and which exists in more than one form. In place of a single male member engaging with a single female member to create the necessary friction and move the driven shaft and mechanism connected thereto and thereby propel the vehicle, we have a plurality of driving disks, all being friction disks. The driving or engine shaft has a hub which carries a plurality of disks, and, being secured to the hub mentioned, they rotate with the driving shaft. Interposed between the said disks, driving disks because driven by the engine shaft, we have a plurality of driven disks which are attached to the intermediate driving shaft before mentioned by means of a key or spline provided on such shaft. These are driven disks because caused to rotate when brought in contact with the driving disks. There is a collar which slides on such intermediate driven shaft, and which collar is provided with flanges which receive an operating lever to slide the collar back and forth on the intermediate shaft. A spring is interposed between this sliding collar and a removable flange bolted to the hub of the driving shaft. This spring normally holds the disks in contact with each other.

In the patent in suit "f" is a cylindrical sleeve, and carries the movable or male member of the clutch, d, to which it is bolted. In defendant's clutch mechanism we have the collar or clamping ring, or clamping ring spider, which is also marked "f" in sheets 1 and 2 of defendant's exhibit, drawings of defendant's construction, but it does not carry any or either of the friction rings. Its function is to force the disk members together. The intermediate shaft of defendant's clutch mechanism is hollow, but this is of no importance, as the hollow portion performs no function in the mechanism or combination. The spring is not contained or carried therein. This shaft is made hollow to save weight so far as I can discover from the testimony. It has been more than once mentioned that in the complainant's patent a cylindrical sleeve carries the male cone clutch member to which it is bolted by bolt, g. In defendant's clutch mechanism I fail to find any such sleeve or any equivalent for it. In defendant's mechanism, so far as I can discover, and so far as the evidence gives reliable information, the friction disks which take the place of the male and female members so far as to perform their functions are supported directly by the hub on the driving shaft, and by the intermediate shaft directly. I do not see that a cylindrical sleeve movable on the shaft and carrying one member of the clutch can be considered as the well-known mechanical equivalent of the collar or clamping ring, or that the latter is the equivalent of the former. The construction and operation of the two clutch mechanisms in this and other respects are different in principle and mode of operation. In the complainant's clutch mechanism the one member (male) is located and carried within the other, while in the defendant's the clutch members are located and carried side by side.

177 F.—45

## No Infringement.

I think it perfectly clear that the defendant does not infringe claim 1 of the patent in suit, as it has no "sleeve supporting said clutch member," and, while defendant's clutch mechanism has a hollow intermediate shaft (the cavity performing no function), the spring of defendant's structure is not "contained within the said hollow shaft." Springs for moving or engaging clutch members were numerous and old in the prior art. Clearly there was nothing new or novel in bolting one thing to another so as to be easily removable, or in attaching one end of the intermediate shaft, hollow or solid, to the transmission shaft by means of the couplings and bolts or couplings and wedges, it is immaterial which, as all this was old in the art as shown. There is no infringement of claim 2 of the patent in suit, as defendant has no sleeve upon which any clutch member is carried interposed between the engine or driving shaft and the transmission shaft ("two sections of allied shafting") or sleeve surrounding the interposed shaft, or spring "contained within the hollow shaft," or means connecting any sleeve with the spring device. I will not hold claims 4 and 5 void, but as limited to the devices and structure shown in the drawings and specifications, and that, so limited, they are not infringed. It is clear that claim 6 is not infringed, as the intermediate shaft of defendant does not have a movable clutch ring for clutching the other shaft and a detachable clutch ring "surrounding" and co-operating with said movable clutch ring; "said rings being one within the other in operative position." If we say that, inasmuch as one set of the friction disks of defendant's clutch mechanism is carried by the driving shaft and the other set by the intermediate shaft and that the disks so engage each other that the one set, in a sense, can be said to be within or surrounded by the other, and therefore not removable until the slotted arm or ring carrying the disks moved by the engine or driving shaft is detached from the shaft, we are clearly within the prior art, and in view of such art and the limitations referred to infringement is not shown. If broadly construed to cover defendant's clutch, the claim is void. Claim 7 calls for the driving shaft and the driven shaft, or transmission shaft, and also the intermediate shaft coupled to the driven (transmission) shaft, and "having a bearing in the driving shaft separable therefrom" and clutch devices, etc. This "bearing in the driving shaft separable therefrom" is all that distinguishes this claim from the others. It is the bearing, i, of figure 1, and is bolted to the flywheel. I cannot find this or anything like it in defendant's structure. As in all similar structures of the prior art, the one shaft is centered upon the adjacent one at their respective adjoining ends if they are to be kept in alinement. The bearing of the defendant's structure is the well-known ball bearing of the prior art, and, in accordance with the prior art, is mounted on and is not in the driving shaft, and it acts in the old way to perform its old function as in the prior art. This bearing of the complainant is somewhat unusual, and may be a patentable improvement, but the defendant does not use it. Claim 8 is directly within the prior art, except as to the bearing mentioned, and must be limited to the structure shown and described. So limited, defendant does not infringe, as its structure does not have the

bearing described. In all the prior art there was a bearing or an equivalent for centering the driving and the intermediate shafts. Removable bearings are old in the art. Claim 11 is not infringed, as defendant has no "spring carried within the intermediate shaft for engaging the clutch members" as shown, or not shown for that matter. Claim 12 calls specifically for "an intermediate clutch member mounted on a sleeve," and also "a driving connection permitting longitudinal movement between said sleeve and said shaft," etc. Defendant has no such sleeve and no clutch member mounted on a sleeve. We cannot broaden this claim or any claim to cover all the clutches of the prior art having mechanism which permit and provide for the movement of the male and female members for engagement and disengagement. Such mechanism in the prior art may be improved and the improved mechanism patented, but in such case the defendant must use the improvement or be does not infringe. Here, if Mabley and Franquist have improved mechanism, the defendant does not use it. Claim 13 calls simply for (1) a detachable clutch member secured to the flywheel outside the plane thereof; and (2) a co-operating clutch member on a second detachable shaft, carried within said clutch member and the flywheel. This is nothing more nor less than a reverse acting cone clutch with the female member made detachable from the flywheel by a series of bolts and nuts or otherwise, with the driven shaft made in two parts. This fails to disclose patentable invention in view of the prior art. Such a reverse acting cone clutch with detachable female member carried by the flywheel and driving shaft is fully shown in the Horseless Age of July, 1902, "Beginner's Page." Bolts and nuts, plainly shown, fasten a friction ring, female member, to the flywheel carried by the driving shaft, and within this, and surrounded by it, is the male member carried by the driven shaft. The description says:

"The conical friction clutch is the one mostly used when only a single clutch is employed for all the gears. Sometimes the engine flywheel forms one member of the clutch, while otherwise this member is bolted to the flywheel, as is the case in the clutch illustrated in Fig. 1.

"Referring to Fig. 1, A is the motor crank shaft, to which is keyed the flywheel, B. To this flywheel is bolted a ring, C, with an internal tapered surface, which is smoothly turned and serves as the friction surface.

"The driven shaft, D, is arranged in line with the motor crank shaft, and is counterbored at the end to receive a pin projecting from the crank shaft to keep it in line therewith. The end of the driven shaft is squared, and on this square portion is fastened the clutch member, E, a dish-shaped casting bolted to a hub. The outer conical surface of this clutch member is turned down, and has applied to it a friction lining, F, of leather. The clutch member, E, is capable of sliding along the shaft, on the square portion thereof, and the two conical surfaces are pressed together by a strong coiled spring, G, which tends to force the clutch member, E, farther onto the shaft, D.

"Normally, then, the spring, G, holds the two members of the clutch in engagement, and thereby the shaft, D, is driven from the shaft, A. When it is desired to disconnect the shaft, D, from the shaft, A, the spring, G, must be compressed and this is accomplished by the operator by pressing on a foot lever, which is connected with the bell crank, H."

Another reverse acting cone clutch with female member detachable is shown and fully illustrated in the Horseless Age of May 7, 1902, of which we read:

"The clutch is of the conical type, and so designed as to avoid all end thrust on the shafts which are clutched together. To the flywheel, A, of the engine, is bolted the retaining ring, C, which serves as one of the clutch members. The friction cone, B, with a leather friction lining, is journaled loosely on the end of the engine shaft. Upon the transmission shaft is mounted a carrying spider, D, securely keyed in place. From the outer ends of this spider project studs which extend through somewhat larger holes in the cone. Other studs or bolts, E, project from the spider nearer the hub thereof, through considerably larger holes in the friction cone, and at their extremities support an adjusting disk for the clutch spring. Over the hub of the spider, D, slides a sliding collar, G, from which releasing pins,. F, extend to the clutch cone. By means of this collar and the pins, the spring can be compressed and the clutch disengaged. Since the driving pins on the spider have some play in the holes in the cone, the motor shaft and transmission shaft may be out of line without affecting the operation of the clutch or causing heating of the bearings."

It involved no patentable invention in view of the then practiced and well-known prior art of making the driving shaft in two parts, one the intermediate shaft carrying the clutch mechanism, and the other the transmission shaft, to make the driven shaft of the two reverse acting cone clutches just shown in two parts. Aside from changes in construction which defendant does not use, as we have seen, this was all that complainant's patentees did. It is evident that the two reverse acting cone clutch mechanisms could be substituted for the direct acting cone clutches of the prior art already described under the head "Prior Art," and placed on the intermediate shaft shown as coupled to the transmission shaft. Remove from the shafts shown the direct acting cone clutches and all the mechanism and place thereon the reverse acting clutch mechanism, all within the skill of the ordinary mechanic, and we have all that the patent calls for except specific construction of certain parts. However, claim 13, limited, as it must be, to the clutch mechanism shown and described and illustrated in the specifications and drawings of the patent in suit, is not infringed by defendant, as it does not use such a clutch mechanism. If the function of the mechanism of the patent in suit is to provide a removable clutch mechanism carried by an intermediate driven shaft, the prior art shows several constructions performing that function and having such intermediate shaft. Mabley and Franquist were not pioneers. They were mere improvers. Assume that in the claims describing that function they have improved means which are patentable, defendant does not use them or their allowable equivalents when we have in mind the prior art and the limitations imposed by the Patent Office and acquiesced in by Mabley and Franquist. These claims are to be given a reasonable interpretation in view of that art and those limitations, but we cannot broaden them to make out infringement, and we cannot import into them, or any one or more of them, elements not found therein for the purpose of according to them novelty or of establishing infringement. McCarty v. Railroad, 160 U. S. 110, 116, 16 Sup. Ct. 240, 40 L. Ed. 358.

Complainant's expert, Mr Nathan, as I understand him, reads into claims 4 and 5, under the words, "an intermediate shaft coupled to one of said shafts (meaning the transmission shaft) and having movable devices for clutching the other shaft," not only the male member, d, but the sliding sleeve, f, the friction facings, e, the pin, m, the slot, o,

and also the shoulder against which the spring expands. "Movable devices for clutching the other shaft" would also, if we are to include the movable devices which in fact operate or move to clutch "the other shaft," the driving shaft, include the friction ring or female member, b, and the flywheel, a, inasmuch as "the other shaft" is not clutched except through the instrumentality of all these elements, all of which move. However, taking the parts enumerated by Nathan and first mentioned, and assume they are included in the description "movable devices" in claims 4 and 5, and defendant does not infringe such claims, as it does not have all of such elements in its structure.

The complainant contends that:

"The object of the invention (of the patent in suit) was 'to provide a clutch mechanism, removable as a whole with all of its wearing parts without disassembling, from between the engine and transmission shafts, and without disturbing either of these shafts."

Mabley as a witness said:

"All of this had been entirely impossible of accomplishment up to this time (time of the invention) and the repairing of a clutch was a piece of work that could only be properly accomplished in a shop with the most experienced and expert mechanics, and even then at great cost and time. To devise a clutch mechanism which would accomplish what we desired, and did accomplish, was an exceedingly difficult and delicate task. Up to that time there had been nothing done that would indicate even the possibility of such a thing being accomplished."

In short, he claims for himself and Franquist all the merit and all the privileges of a pioneer inventor. He makes other statements along the same line indicating that he was not familiar with the prior art, and was ignorant of the fact that what he claims that he and Franquist had done first had been done before. The broad claim as made here had been made in the Patent Office and rejected and such rejection acquiesced in as we have seen.

The result is that, giving the claims of the patent the broadest construction to which they are entitled, the defendant company does not infringe.

There will be a decree dismissing the bill, with costs.